UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOVITA BRANUM, ET AL.                                                                        PLAINTIFFS

V.                                                                 CIVIL ACTION NO. 3:10CV852 DPJ-FKB

VALUED MEMBER CREDIT UNION, ET AL.                                                DEFENDANTS

consolidated with

JOVITA BRANUM, ET AL.                                                                        PLAINTIFFS

V.                                                                 CIVIL ACTION NO. 3:12CV513 DPJ-FKB

NATIONAL CREDIT UNION ADMINISTRATION BOARD                              DEFENDANT

ORDER

This cause is before the Court on the Report and Recommendation [160] of Magistrate Judge F. Keith Ball.  Judge Ball recommended granting the National Credit Union Administration Board's motion [154] to enforce the settlement agreement reached in this case.  Specifically, NCUAB seeks to compel Plaintiff Brenda Sones to execute the Confidential Settlement Agreement and Full and Final Release.

I.      Report and Recommendation

On August 11, 2014, the parties reached a settlement with Judge Ball's assistance.  At that conference, Sones signed a memorandum agreeing to "sign a full, final, and complete release of all claims against Defendant."  Sealed Agreement [156].  But Sones now refuses to sign the release, insisting that it also include a mutual release.  NCUAB contends that this is an additional condition that was not agreed to during the settlement conference and her refusal to sign constitutes a breach of the settlement agreement.  Judge Ball agreed, finding that the parties'

agreement did not contemplate the additional language and Sones had not established a valid reason why she should not be required to comply. Sones filed an Objection [161]; NCUAB filed a Response [162]; and Sones filed a Reply [163].

As an initial point, NCUAB asks the Court to strike the Objection as untimely. According to NCUAB, any objection was due on January 20, 2015. Resp. [162] at 4. Sones emailed her Objection to Judge Ball's law clerk on January 19, 2015, believing that because the motion and attachments were filed under seal, this was the proper method to respond to the R&R. She also provided a copy to counsel opposite by email. *See* Certificate of Service [161] at 4. Then, on January 26, 2015, the Objection was docketed on CMECF. Relying on the January 26 filing, NCUAB argues that the Objection is untimely. While Sones's decision to email the Objection to the Court was arguably unnecessary because the R&R was not filed under seal, she did contemporaneously provide a copy to NCUAB, and the docket has been updated to reflect the filing. NCUAB's request to strike the Objection is denied.

II.     Objection

The bulk of Sones's Objection addresses NCUAB's request for attorney's fees and costs. Obj. [161] at 1 ( "The Plaintiff objects to the extent granting the Motion would grant the defendant attorney's fees."). NCUAB requested attorney's fees and expenses in its motion, though Judge Ball did not address the request in his R&R. Sones first argues that Defendant failed to support its request for attorneys fees with statutory authority. *Id.* But the Court's Order of Dismissal clearly stated:

> If any party fails to comply with the terms of this settlement agreed to by all parties, any aggrieved party may reopen the case for enforcement of the settlement agreement. If successful, all additional attorneys' fees and costs from this date

>*shall* be awarded such aggrieved party or parties against the party failing to comply with the agreement.

Order [153] at 1 (emphasis added).

Sones next complains that to allow NCUAB to reduce its settlement payment by the amount of attorney's fees incurred would result in a release of her claims without any compensation. In its Response and supporting affidavit, NCUAB requests $7,680 in attorney's fees and $41.92 in costs, but it does not provide an itemized list explaining these charges. Instead, it generally submits that the fees include "drafting five settlement agreements, emails and telephone conferences with counsel, hearings before Judge Ball, prosecuting the instant motion, research for the motion and communicating with the client." Resp. [162] at 5 n.2. While it is true that the Order of Dismissal provides for an award of "all" fees and costs from the date of dismissal, before awarding attorney's fees and costs, the Court desires additional evidentiary support of NCUAB's request, including an itemized list of the charges incurred.

Moreover, three plaintiffs—Sones, Raines, and Mills—initially refused to sign the release, though Raines and Mills agreed to sign *after* NCUAB filed its motion to enforce the settlement agreement. It is not clear if NCUAB is seeking to offset all attorney's fees and costs against Sones's settlement amount, or if it wishes to divide the expenses among these three plaintiffs. *See* Resp [162] at 3–4 ("[T]he Liquidating Agent requested that it be awarded attorney fees and expenses for prosecution of the instant motion and that it be allowed to reduce said fees from the settlement proceeds to be paid to these three plaintiffs."); *but see id.* at 5 ("[T]he Liquidating Agent has incurred $7,680 in attorney's fees and $41.92 in costs, all of which should be assessed to Ms. Sones.").

Finally, Sones's arguments regarding the language of the release and future claims are not well-taken. The Court agrees with Judge Ball that she has not established a valid reason why she should not be required to comply with her agreement to "sign a full, final, and complete release of all claims against Defendant." See Sealed Agreement [156].

III.     Conclusion

The Court finds that the Report and Recommendation [160] of Judge Ball should be adopted as the finding of this Court. NCUAB's motion to seal and compel enforcement of settlement [154] is granted.[1]

If NCUAB wishes to pursue its claim for attorney's fees and expenses, it should submit, within fourteen days of this Order, supplemental briefing to clarify against whom the fees are sought and an affidavit setting forth an itemized list of the fees incurred. Plaintiffs, if they choose to respond, must do so within ten days of NCUAB's filing.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] NCUA's motion [50] filed in the member case, 3:12CV513, is likewise granted.